UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT PANN, #254048,

        Petitioner,

                              CASE NO. 5:08-CV-13806
v.                              HONORABLE JOHN CORBETT O'MEARA

MILLICENT WARREN,

        Respondent.
_____/

## ORDER DENYING MOTION TO INTERVENE
## BUT GRANTING REQUEST TO BE HEARD

**I.    Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Robert Pann ("Petitioner"), through counsel, has filed a petition for a writ of habeas corpus challenging his 2001 Macomb County Circuit Court convictions for first-degree murder and possession of a firearm during the commission of a felony for which he was sentenced to consecutive terms of life imprisonment without the possibility of parole and two years imprisonment.

This matter is before the Court on non-parties David Lennox's and Julian Ulmer's motion to intervene brought pursuant to Federal Rule of Civil Procedure 24 and to be heard under the Crime Victim's Rights Act ("CVRA"), 18 U.S.C. § 3771 *et seq.* Julian Ulmer and David Lennox ("the Applicants") state that they are family members of the murder victim and that they wish to intervene in this federal habeas action because they have a property interest arising from a state court restitution order imposed upon Petitioner as a result of his convictions.

1

II.     **Discussion**

   A.      **Intervention under Rule 24**

Federal Rule of Civil Procedure 24 governs intervention in the federal courts and applies to motions to intervene in habeas cases. *See, e.g., Rodriguez v. Ridge*, 290 F. Supp. 2d 1153, 1155 (C.D. Ca. 2003) (citing cases). Rule 24(a) governs intervention as of right and Rule 24(b) governs permissive intervention. Rule 24(a) provides:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). A party seeking to intervene as of right must establish four elements: "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Providence Baptist Church v. Hillandale Committee, Ltd.*, 425 F.3d 309, 315 (6th Cir. 2005) (internal quotation marks and citations omitted); *see also Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). "Each of these four requirements must be satisfied to support a right to intervene." *Arakaki*, 324 F.3d at 1083.

The Court must first determine whether the motion to intervene is timely. The Court considers five factors in evaluating timeliness under Rule 24: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest

in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention. *United States v. Tennessee*, 260 F.3d 587, 592 (6th Cir. 2001) (quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)).

In this case, the motion to intervene is untimely. First, the motion was filed more than a year and three months after the habeas petition was filed, nine months after Respondent's answer was filed, and eight months after Petitioner's reply and the state court record were filed. Second, intervention is sought to protect a property interest arising from a state court restitution order. The purpose of habeas review, however, is to ensure the fairness of state criminal proceedings, *see* 28 U.S.C. § 2254 ("a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or law or treaties of the United States"), not to protect property interests or to enforce a state court restitution order. Third, there is no indication that the Applicants were unaware of Petitioner's habeas filing for a period of time or were unable to learn of the same in a timely manner. Fourth, the existing parties will be prejudiced by the late intervention as they will be required to submit additional pleadings and endure further delay.

Moreover, even if the motion were timely, the Applicants have failed to satisfy the other requirements for intervention as of right. They do not claim that a federal statute permits them an unconditional right to intervene (aside from the right to be heard under the CVRA). And assuming that the Applicants have a substantial legal interest in the case and their ability to

protect that interest would be impaired in the absence of intervention, they have failed to show that Respondent is unable to adequately protect their interests. To be sure, the Applicants and Respondent share the same ultimate objective of having the Court deny Petitioner habeas relief on his claims so that he remains incarcerated on his current convictions and sentence.

It is well-settled that applicants for intervention "bear the burden of proving that they are inadequately represented by a party to the suit." *See United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005) (citing *Meyer Goldberg, Inc. v. Goldberg*, 717 F.2d 290, 293 (6th Cir. 1983)). While this burden has been described as minimal because applicants must only show a potential for inadequate representation, applicants for intervention "must overcome the presumption of adequate representation that arises when they share the same ultimate objective as a party to the suit." *Id.* at 443-44 (citing *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987)); *see also Rodriguez*, 290 F. Supp. 2d at 1156 (citing *Arakaki*, 324 F.3d at 1086)).

The Applicants have not overcome the presumption that Respondent can adequately represent their interests in this case. The Court's role in this habeas action is limited to determining whether Petitioner is entitled to relief on his claims that he is being held in violation of his constitutional rights. Respondent can adequately address those claims. To the extent that the Applicants seek to inject other matters into this case or contend that they are entitled to protection from the Court, *e.g.* relative to the restitution order, their concerns are misplaced. The Court's function on habeas review is limited to deciding the constitutionality of Petitioner's convictions and sentence. The Applicants cite to no decisions which have allowed a crime victim's family (or any other person) to intervene in a federal habeas action to protect a property interest, even one deriving from a state court restitution order. Given the Court's limited role in

4

habeas proceedings, the Applicants have failed to show that their interests in this action are not adequately represented by Respondent. They are therefore not entitled to intervene in this case as a matter of right.

The Applicants also seek permissive intervention. In that regard, Rule 24(b) provides:

> Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b)(2). "To intervene permissively a proposed intervenor must establish that the motion for intervention is timely and alleges at least on common question of law or fact." *Michigan*, 424 F.3d at 445 (internal quotation marks and citation omitted). If the proposed intervenor satisfies these requirements, the court "must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *Id.*

The Applicants here face the same timeliness problem with permissive intervention as with intervention as of right. Additionally, they present no common questions of law or fact in this action. Any interest they may have in a state court restitution order is not cognizable in a federal habeas proceeding. *See, e.g., Lara v. Smith*, 132 F. App'x 420, 421 (3d Cir. 2005); *Taylor v. Hamlet*, 88 F. App'x 220, 220 (9th Cir. 2004) (citing *United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999)); *Spight v. Stovall*, No. 07-CV-14230, 2008 WL 2447151, *4-5 (E.D. Mich. June 18, 2008); *Carter v. Smith*, No. 06-CV-11927, 2007 WL 325358, *7 (E.D. Mich. Jan.

5

31, 2007). As noted, the Court's review in this case is limited to deciding Petitioner's federal habeas claims. Arguments that the Applicants seek to raise aside from the merits of those claims are irrelevant to this action. Furthermore, addressing the Applicants' specific issues would cause the Court and the existing parties undue delay. The Court thus concludes that the Applicants are not entitled to permissively intervene in this case.

### B. The Right to Be Heard under the CVRA

The remaining question to be decided is whether the Applicants have a right to be heard in this case under the Crime Victims' Rights Act ("CVRA"), codified at 18 U.S.C. § 3771. In general, the CVRA provides federal crime victims with certain substantive and procedural rights in federal criminal proceedings. As to federal habeas corpus proceedings arising out of a State conviction, the CVRA provides a crime victim with four rights. *See* 18 U.S.C. § 3771(b)(2). Those rights are: (1) the right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding; (2) the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding; (3) the right to proceedings free from unreasonable delay; and (4) the right to be treated with fairness and with respect for the victim's dignity and privacy. 18 U.S.C. § 3771(a)(3), (4), (7), (8).

As an initial matter, the Court finds that the Applicants, the victim's family members, are "crime victims" under the CVRA who are entitled to the rights provided to crime victims under the CVRA's habeas provisions. The direct victim of the crime has been declared deceased and her family members have been victimized by the crime given the loss of their loved one.

6

The parties disagree about whether the Court's consideration of this habeas case in chambers (assuming there is no public court hearing) constitutes a "public proceeding in the district court involving release." The Court agrees with the Applicants that such is the case. Court records in habeas proceedings are generally accessible to the public. Most habeas cases are resolved on the pleadings without in-court hearings. To preclude crime victims from submitting documents to the court in support of their right to be heard in a habeas proceeding would effectively preclude them from being heard at all in most cases. The Court thus concludes that the Applicants, as crime victims, have a right to be heard under the CVRA. The Court will therefore accept their documents for review with that limited purpose in mind. The Court notes that the right to be heard does not give the Applicants the right to dictate Respondent's actions or to have the Court specifically address their arguments or rule upon their claims. *See, e.g., United States v. Rubin*, 558 F. Supp. 2d 411, 424 (E.D.N.Y. 2008) (the right to be heard "does not give the victims of crime veto power over any prosecutorial decision, strategy or tactic").

Accordingly, for the reasons stated, the Court **DENIES** the Applicants' motion to intervene under Federal Rule of Civil Procedure 24, but **GRANTS** their request to be heard under the Crime Victims' Rights Act.

**IT IS SO ORDERED**.

                                                                  s/John Corbett O'Meara
                                                                  United States District Judge

Date: July 19, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 19, 2010, using the ECF system and/or ordinary mail.

s/William Barkholz<br>Case Manager