UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT PANN, #254048,

       Petitioner,

                                  CASE NO. 5:08-CV-13806
v.                                   HON. JOHN CORBETT O'MEARA

MILLICENT WARREN,

       Respondent.
_____/

## ORDER DENYING MOTION TO AMEND RULE 60 PLEADINGS

Petitioner has filed a pro se motion to amend his Rule 60(d) pleadings concerning the Court's denial of his federal habeas petition in 2011. The United States Court of Appeals for the Sixth Circuit determined that the Court properly denied his petition and denied a certificate of appealability. *Pann v. Smith*, No. 11-2292 (6th Cir. 2012). The United States Supreme Court denied certiorari, *Pann v. Smith*, _U.S. _, 134 S. Ct. 482 (2013), and denied rehearing. *Pann v. Smith*, _ U.S. _, 134 S. Ct. 991 (2014). Petitioner's initial Rule 60(d) motion was filed on April 7, 2014 and denied on April 16, 2014. Petitioner's current motion to amend is dated July 16, 2014, but it was not received and filed by the Court until March 9, 2015.

Petitioner's motion to amend must be denied because the Court denied the underlying Rule 60(d) motion prior to the filing of the amendment (whether one uses the July 16, 2014 or the March 9, 2015 date). While a federal court generally has discretion to allow amendment of a pleading, *see* Fed. R. Civ. P. 15(a), such is not the case where, as here, the Court has already denied the underlying motion. *See, e.g., In re Ferro Corp. Derivative Litigation*, 511 F.3d 611, 624 (6th Cir. 2008) (citing cases for proposition that once a judgment has been entered in a case,

the filing of an amendment is not allowed under Rule 15 unless the judgment has been set aside or vacated). Moreover, the Court's denial of Petitioner's initial Rule 60(d) motion was appropriate – as explained in the Court's April 16, 2014 order.

Furthermore, even if the Court were to consider the amendment, it would not change the Court's decision to deny relief under Rule 60(d). That rule provides:

> Other Powers to Grant Relief. This rule does not limit a court's power to:
>
> (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
>
> (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or
>
> (3) set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60(d). An independent action under Rule 60(d) is an equitable action, which has no time limitation. *Mitchell v. Rees*, 651 F.3d 593, 594–95 (6th Cir. 2011). Its elements are:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*Id*. at 595 (citing *Barrett v. Secretary of Health & Human Svs.*, 840 F.2d 1259, 1263 (6th Cir. 1987)). An independent action under Rule 60(d) is available to prevent "a grave miscarriage of justice." *Id*. (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998), and citing cases). This is a "'stringent' and 'demanding' standard," and, because Petitioner seeks relief from judgment in a habeas case, he must make a strong showing of actual innocence to establish that relief is required. *Id*. at 595–96 (citing *Calderon v. Thompson*, 523 U.S. 538, 557–58 (1998), and *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). Petitioner makes no such showing. Rather, he merely re-

argues issues previously addressed by the Court and/or raises issues which could have been presented in his initial habeas proceeding and/or his initial Rule 60(d) motion. His allegations do not warrant the extraordinary remedy he seeks. Petitioner has not shown that the Court erred in denying his habeas petition, that he is actually innocent, or that he is otherwise entitled to relief under Federal Rule of Civil Procedure 60(d). Accordingly, the Court **DENIES** Petitioner's motion.

Before Petitioner may appeal, a certificate must issue. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*.

With *Slack v. McDaniel* in mind, judges within this district have adopted the following standard for determining whether a certificate of appealability should issue in the context of the denial of a Rule 60(b) motion:

> A COA should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right.

*Missouri v. Birkett*, No. 2:08–CV–11660, 2012 WL 882727, *2-3 (E.D. Mich. March 15, 2012);

*Carr v. Warren*, No. 05–CV–73763, 2010 WL 2868421, *2 (E.D. Mich. July 21, 2010) (both citing *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001)).  Having considered the matter, the Court concludes that Petitioner fails to demonstrate that jurists of reason would find it debatable that the Court abused its discretion in denying his motion.  Accordingly, the Court **DENIES** a certificate of appealability.  This case remains closed.

    **IT IS ORDERED**.

                                        s/John Corbett O'Meara
                                        United States District Judge

Date:  March 13, 2015

    I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 13, 2015, using the ECF system and/or ordinary mail.

                                        s/William Barkholz
                                        Case Manager