UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT PANN, #254048,

               Petitioner,

                                       CASE NO. 08-13806

v.                                    HONORABLE MARK A. GOLDSMITH

MILLICENT WARREN,

               Respondent.

_____/

## ORDER
## (1) DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND SUSPENSION OF FEES AND COSTS, (2) DENYING IN PART MOTION FOR RELIEF FROM JUDGMENT, AND (3) TRANSFERRING CASE TO THE SIXTH CIRCUIT

      This matter is before the Court on Petitioner's pro se motion for leave to proceed in forma pauperis and suspension of fees and costs and his pro se motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(d) arising from the Court's denial of his federal habeas petition in 2011. Following that decision, the United States Court of Appeals for the Sixth Circuit ruled that the Court properly denied habeas relief and denied a certificate of appealability. Pann v. Smith, No. 11-2292 (6th Cir. 2012). The United States Supreme Court denied certiorari, Pann v. Smith, 571 U.S. 974 (2013), and denied rehearing. Pann v. Smith, 571 U.S. 1158 (2014). Petitioner filed a motion to reopen this case in 2014 and a motion to amend that pleading in 2015, both of which the Court denied. The Sixth Circuit dismissed Petitioner's appeal as untimely, and denied reconsideration. Pann v. Burt, No. 15-1310 (6th Cir. 2015). The Supreme Court denied certiorari. Pann v. Burt, 136 S. Ct. 989 (2016). The instant motions were filed on March 25, 2019.

      As an initial matter, the Court finds that Petitioner's motion for leave to proceed in forma pauperis and suspension of fees and costs is unnecessary. Petitioner paid the $5.00 filing fee for

this habeas action when he submitted his initial habeas petition and there are no additional motion

fees applicable in this case. Accordingly, the Court denies Petitioner's motion for leave to proceed

in forma pauperis and suspension of fees and costs.

In his motion for relief from judgment, Petitioner continues to contest the Court's denial

of his habeas petition and seeks relief under Federal Rule of Civil Procedure 60(d). That rule

provides:

> Other Powers to Grant Relief. This rule does not limit a court's power to:
>
> (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
>
> (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or
>
> (3) set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60(d). An independent action under Rule 60(d) is an equitable action, which has

no time limitation. Mitchell v. Rees, 651 F.3d 593, 594–595 (6th Cir. 2011). Its elements are:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

Id. at 595 (citing Barrett v. Secretary of Health & Human Svs., 840 F.2d 1259, 1263 (6th Cir.

1987)). An independent action under Rule 60(d) is available to prevent "a grave miscarriage of

justice." Id. (quoting United States v. Beggerly, 524 U.S. 38, 47 (1998), and citing cases). This

is a "'stringent' and 'demanding' standard," and, because Petitioner seeks relief from judgment in

a habeas case, he must make a strong showing of actual innocence to establish that relief is

required.  Id. at 595–596 (citing Calderon v. Thompson, 523 U.S. 538, 557–558 (1998), and

Sawyer v. Whitley, 505 U.S. 333, 339 (1992)).

Petitioner makes no such showing.  While he alleges "fraud" upon the Court in his motion,

he actually raises a claim of prosecutorial misconduct/perjured testimony in the state courts (which

he believes invalidates this Court's decision on habeas review).  To the extent that Petitioner re-

argues issues previously addressed by the Court and/or raises issues which could have been

presented in his initial habeas proceeding through the exercise of reasonable diligence, his

allegations do not warrant the extraordinary remedy he seeks in this action.  Petitioner fails to show

that the Court erred in denying his habeas petition, that he is actually innocent, or that he is

otherwise entitled to relief under Federal Rule of Civil Procedure 60(d).  Accordingly, the Court

denies in part Petitioner's motion for relief from judgment.

Before Petitioner may appeal this ruling, a certificate of appealability must issue.  A

certificate of appealability may issue "only if the applicant has made a substantial showing of the

denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies relief on the merits,

the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would

find the court's assessment of the claim debatable or wrong.  Slack v. McDaniel, 529 U.S. 473,

484-85 (2000).  When a court denies relief on procedural grounds, a certificate of appealability

should issue if it is shown that jurists of reason would find it debatable whether the petitioner states

a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable

whether the court was correct in its procedural ruling.  Id.

With Slack v. McDaniel in mind, judges within this district have adopted the following standard for determining whether a certificate of appealability should issue in the context of the denial of a Rule 60(b) motion:

> A COA should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right.

Missouri v. Birkett, No. 2:08–CV–11660, 2012 WL 882727, *2-3 (E.D. Mich. March 15, 2012) (citing Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001)); Carr v. Warren, No. 05–CV–73763, 2010 WL 2868421, *2 (E.D. Mich. July 21, 2010) (same). In this case, Petitioner fails to show that jurists of reason would find it debatable that the Court abused its discretion by denying in part his Rule 60(d) motion. Accordingly, the Court denies a certificate of appealability as to this issue.

Additionally, to the extent that Petitioner raises a new claim of prosecutorial misconduct/perjured testimony, or any other new claim for relief from his state criminal conviction and sentence that was not raised in his initial habeas petition, his pleading constitutes a second or successive habeas petition, which requires appellate authorization before filing. See Tyler v. Anderson, 749 F.3d 499, 506-07 (6th Cir. 2014) (discussing when a post-judgment motion constitutes a second or successive petition). A motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, is classified as a "second or successive habeas petition," which

requires authorization from the Court of Appeals before filing pursuant to the provisions of 28 U.S.C. § 2244(b).  See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005); Brooks v. Bobby, 660 F.3d 959, 962 (6th Cir. 2011).

Petitioner has not obtained appellate authorization to file a second or successive habeas petition as required by 28 U.S.C. §2244(b)(3)(A).  See Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998); In re Wilson, 142 F.3d 939, 940 (6th Cir. 1998).  Consequently, his Rule 60(d) motion must be transferred to the Sixth Circuit for such a determination.  See Felker v. Turpin, 518 U.S. 651, 664 (1996).  Accordingly, the Court order the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 (authorizing transfer of cases) and Sims v. Terbush, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

SO ORDERED.

Dated:  May 8, 2019                                    s/Mark A. Goldsmith
        Detroit, Michigan                             MARK A. GOLDSMITH
                                                      United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 8, 2019.

                                                      s/Karri Sandusky
                                                      Case Manager