UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT PANN, #254048,

        Petitioner,

v.

CASE NO. 08-13806
HONORABLE MARK A. GOLDSMITH

RANDEE REWERTS,[1]

        Respondent.
_____/

**ORDER**
**DENYING MOTION FOR RELIEF FROM JUDGMENT IN PART (Dkt. 50),**
**DENYING A CERTIFICATE OF APPEALABILITY,**
**AND TRANSFERRING CASE TO THE SIXTH CIRCUIT**

This matter is before the Court on Petitioner's pro se motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) (Dkt. 50), arising from the Court's denial of his federal habeas petition in 2011 (Dkt. 22).[2] Following that decision, the United States Court of Appeals for the Sixth Circuit ruled that the Court properly denied habeas relief and denied a certificate of appealability. Pann v. Smith, No. 11-2292 (6th Cir. 2012). The United States Supreme Court denied certiorari, Pann v. Smith, 571 U.S. 974 (2013), and denied rehearing, Pann v. Smith, 571 U.S. 1158 (2014). Petitioner filed a motion to reopen this case in 2014 and a motion to amend that pleading in 2015, both of which the Court denied (Dkts. 30, 34). The Sixth Circuit dismissed Petitioner's appeal as untimely, and denied reconsideration. Pann v. Burt, No. 15-1310

---

[1] Petitioner is now confined at the Carson City Correctional Facility in Carson City, Michigan where Randee Rewerts is the warden. Accordingly, the Court amends the caption to reflect the proper respondent. See 28 U.S.C. § 2243; 28 U.S.C. foll. § 2254, Rule 2(a); Fed. R. Civ. P. 81(a)(2).

[2] This case was originally assigned to Hon. John Corbett O'Meara and was reassigned to the undersigned on March 26, 2019.

(6th Cir. 2015). The Supreme Court denied certiorari. Pann v. Burt, -- U.S. -- 136 S. Ct. 989 (2016).

In March 2019, Petitioner filed a motion for relief from judgment pursuant to Rule 60(d), which this Court denied in part and transferred to the Sixth Circuit for consideration as a motion for leave to file a second or successive habeas petition (Dkt. 41). The Sixth Circuit denied Petitioner leave to file a second or successive habeas petition. In re Pann, No. 19-1514 (6th Cir. Oct. 30, 2019). Petitioner then filed a motion for reconsideration pursuant to Rule 60(d) and to amend his habeas petition, which this Court denied while also declining to issue a certificate of appealability (Dkt. 44). The Sixth Circuit denied Petitioner's application for a certificate of appealability. Pann v. Rewerts, No. 20-1258 (6th Cir. July 16, 2020). Petitioner dated the instant motion on November 12, 2020.

In his motion for relief from judgment, Petitioner continues to contest the Court's denial of his habeas petition and seeks relief under Federal Rule of Civil Procedure 60(b), raising claims of fraud upon the state court, non-disclosure of evidence and "newly-discovered" evidence, prosecutorial misconduct, lack of notice of state probate proceedings, and due process (Dkt. 50).

Under Rule 60(b), a federal court will grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

A motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3), no more than one year after the entry of the judgment or order or the date of the

proceeding. Fed. R. Civ. P. 60(c)(1); <u>Conner v. Attorney General</u>, 96 F. App'x 990, 992 (6th Cir. 2004). The bounds of reasonable time ordinarily depend "on the facts of a given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." <u>Olle v. Henry & Wright Corp.</u>, 910 F.2d 357, 365 (6th Cir. 1990). A court has broad discretion in deciding such matters, but that discretion is circumscribed by public policy favoring finality of judgments and termination of litigation. <u>Waifersong, Ltd. v. Classic Music Vending</u>, 976 F.2d 290, 292 (6th Cir. 1992). Petitioner did not file his motion for relief from judgment within one year or within a reasonable time, given that the court denied his habeas petition in 2011, and he dated his current motion for relief from judgment in 2020. Petitioner fails to provide an adequate explanation for the long delay in filing his motion. His motion is, therefore, untimely and must be dismissed.

Additionally, as to the merits, Petitioner fails to present facts or arguments which show that the Court erred in denying habeas relief originally, or that the interests of justice warrant re-opening his case. He essentially raises the same arguments that he raised in his motion for relief from judgment brought pursuant to Federal Rule of Civil Procedure 60(d). To the extent that Petitioner re-argues issues previously addressed by the Court and/or raises issues that could have been presented in his initial habeas petition (or prior motions) through the exercise of reasonable diligence, his allegations do not warrant the extraordinary remedy he seeks in this action. Petitioner fails to show that he is entitled to relief under Federal Rule of Civil Procedure 60(b). Accordingly, the Court denies Petitioner's motion for relief from judgment.

A certificate of appealability is necessary to appeal the denial of a Rule 60(b) motion. <u>See</u> <u>Johnson v. Bell</u>, 605 F.3d 333, 336 (6th Cir. 2010) (citing <u>United States v. Hardin</u>, 481 F.3d 924, 926 (6th Cir. 2007)). A certificate of appealability may issue only if a habeas petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates

that reasonable jurists would find the court's assessment of the claim debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484-485 (2000). When a court denies relief on procedural grounds, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. Id.

With Slack v. McDaniel in mind, judges within this district have adopted the following standard for determining whether a certificate of appealability should issue in the context of the denial of a Rule 60(b) motion:

> A COA should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right.

Missouri v. Birkett, No. 2:08–CV–11660, 2012 WL 882727, *2-3 (E.D. Mich. March 15, 2012); Carr v. Warren, No. 05–CV–73763, 2010 WL 2868421, *2 (E.D. Mich. July 21, 2010) (both citing Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001)). Petitioner fails to show that jurists of reason would find it debatable that the Court abused its discretion by denying his Rule 60(b) motion. Accordingly, the Court declines to issue a certificate of appealability.

Lastly, to the extent that Petitioner raises new habeas claims or issues in his motion for relief from judgment that were not raised in his initial habeas petition, his pleadings constitute a second or successive habeas petition, which requires appellate authorization before filing. See Tyler v. Anderson, 749 F.3d 499, 506-07 (6th Cir. 2014) (discussing when a post-judgment motion constitutes a second or successive petition). A motion for relief from judgment that seeks to advance one or more substantive claims following the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition

4

was denied, is classified as a "second or successive habeas petition," which requires authorization from the federal appellate court before filing pursuant to the provisions of 28 U.S.C. § 2244(b). Gonzalez v. Crosby, 545 U.S. 524, 531 (2005); Brooks v. Bobby, 660 F.3d 959, 962 (6th Cir. 2011). Petitioner may not circumvent this requirement by filing a motion for relief from judgment.

Petitioner has not obtained appellate authorization to file a second or successive habeas petition as required by 28 U.S.C. §2244(b)(3)(A). See Stewart v. Martinez- Villareal, 523 U.S. 637, 641 (1998); In re Wilson, 142 F.3d 939, 940 (6th Cir. 1998). Consequently, his Rule 60(b) motion must be transferred to the Sixth Circuit for such a determination. See Felker v. Turpin, 518 U.S. 651, 664 (1996). Accordingly, the Court orders the Clerk of the Court to transfer this case to the Sixth Circuit pursuant to 28 U.S.C. § 1631 (authorizing transfer of cases) and Sims v. Terbush, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

SO ORDERED.

Dated: February 4, 2021  
      Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 4, 2021.

s/Karri Sandusky  
Case Manager